# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**NOBLE ALIM EL BEY,**

      **Plaintiff,**

  v.                                        Civil Action No. 2:18-cv-522
                                                Chief Judge Edmund A. Sargus, Jr.
                                                Magistrate Judge Jolson

**FRANKLIN COUNTY**
**MUNICIPAL COURT, et al.,**

      **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff Noble Alim El Bey filed his Complaint on May 29, 2018. (Doc. 1-2). However, Plaintiff failed to pay the requisite $400 filing fee or to file an application for leave to proceed without prepayment of fees. Instead, he submitted a document titled "Affidavit of Financial Statement," a document proclaimed to be filed under the "the Moorish National Republic" and "Moorish Divine and National Movement of the World," in which he represents that he does not possess any gold or silver coins to pay the filing fee. (Doc. 1). To the extent that Plaintiff intended this to serve as a motion or application to proceed without prepayment of fees, the Court denied his request in an Order issued on May 31, 2018. (Doc. 2). In doing so, the Court explained that Plaintiff's submission failed to provide sufficient information to determine whether he is "unable to pay [the filing] fees or give security therefor" as required under 42 U.S.C. § 1915(a)(1). (*Id.* (citing *See McGore v. Wrigglesworth*, 114 F.3d 601, 609 (6th Cir. 1997) (finding that section 1915(e)(2) applies to complaints filed *in forma pauperis* by prisoners and non-prisoners alike), *overruled on other grounds* by *Jones v. Bock*, 549 U.S. 199 (2007))). Consequently, the Court

ordered Plaintiff to submit the required $400 filing fee or, alternatively, to file an application for leave to proceed *in forma pauperis*. (*Id*.). The Court likewise warned Plaintiff that it would recommend dismissal of this case for want of prosecution should he fail to correct the deficiencies identified in the Order. (*Id*.). Finally, the Court directed the Clerk to send two copies of the *in forma pauperis* application to Plaintiff. (*Id*.).

In response, Plaintiff made clear that he would neither submit the required $400 filing fee nor file an application for leave to proceed *in forma pauperis*. Instead, Plaintiff filed a "Writ of Error," explaining that his previous filing was not a Motion, but an exercise of a constitutional right. (Doc. 4 at 1). More specifically, Plaintiff argued that requiring him to file an application for leave to proceed *in forma pauperis* improperly renders access to the courts "for sale" in violation of the United States Constitution. (*Id*. at 2). This Court disagreed.

In an Order issued on June 15, 2018, the Court allowed Plaintiff one last opportunity to correct the deficiencies. (Doc. 5). Thus, the Court ordered Plaintiff to submit, within twenty-one days, the required $400 filing fee or, alternatively, to file an application for leave to proceed *in forma pauperis*. (*Id*. at 3). The Court once again advised Plaintiff it would recommend dismissal of this case for want of prosecution should he fail to timely comply. (*Id*. (citing *See* Fed. R. Civ. P. 41(b); *see Jourdan v. Jabe*, 951 F.2d 108, 109–10 (6th Cir. 1991))).

To date, Plaintiff has neither paid the filing fee nor filed an application for leave to proceed *in forma pauperis*, and his time for doing so has passed. Plaintiff's sole filing following the Court's June 15, 2018 Order is an "Affidavit of Fact: Writ of Discovery," which fails to cure the deficiencies. (Doc. 6).

As the Court observed in its June 15, 2018 Order, courts presented with an "Affidavit of Financial Statement," such as the one filed here, have found them "facially defective" insofar as

they are filed in lieu of an application for leave to proceed *in forma pauperis. See, e.g.*, *Nin El Ameen Bey, et al. v. John Stumpf, et al.*, 825 F. Supp. 2d 537, 546–52 (D.N.J. Oct. 17, 2011) (denying *in forma pauperis* status due to failure to file court-approved application form and dismissing the case without prejudice); *Faruq El Bey v. Barry*, No. 2:13-cv-732, 2013 WL 4482463, at *1–2 (S.D. Ohio Aug. 21, 2013) (recommendation of dismissal because "Affidavit of Financial Statement" was insufficient and plaintiff failed to pay the filing fee or file an application for leave to proceed *in forma pauperis*), *adopted in* Doc. 7 on Sept. 7, 2013 (unpublished); *see also Michael Borders El Bey v. John Does # 31, et al.*, No. 17-CV-6565-CJS, 2017 WL 3923753, at *3 (W.D.N.Y. Sept. 7, 2017) ("[A]s Plaintiff has neither paid the filing fee, nor request poor person status, his frivolous complaint, ECF No. 1, is dismissed without prejudice."). Based on the foregoing, Plaintiff has failed to comply with this Court's Orders requiring him to either submit the $400 filing fee or file an application for leave to proceed *in forma pauperis*, and this Court **RECOMMENDS** dismissal of this case for want of prosecution. *See* Fed. R. Civ. P. 41(b); *see Jourdan*, 951 F.2d at 109–10.

Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date:  July 10, 2018                                    /s/ Kimberly A. Jolson
                                                        KIMBERLY A. JOLSON
                                                        UNITED STATES MAGISTRATE JUDGE